**JUDGE RAMOS**

**14 CV 1785**

Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID EVANS

      Plaintiff        CIVIL ACTION:

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
OFFICER LESLIE M ROSA (SHEILD# 025255)
OFFICER ISRAEL LOPEZ (SHEILD# 019123)
OFFICER JOHN DOE

                 VERIFIED COMPLAINT
                 JURY CLAIM
                 AS TO ALL COUNTS

      Defendants

---

**INTRODUCTION**

DAVID EVANS ["EVANS"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest

2. Violation of 42 U.S.C. 1983: False Imprisonment

3. Violation of U.S.C. 1983: Excessive Force

4. Assault and Battery

5. Violation of 42 U.S.C. 1983: Malicious Prosecution

6. Intentional Infliction of Emotional Distress

7. Violation of 42 U.S.C. 1983: Conspiracy

8. Negligence

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff David Evans [hereinafter "EVANS"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendants Police Officer Israel Lopez (hereinafter "LOPEZ"), Police Officer Leslie M. Rosa (hereinafter "ROSA"), and Officer John Doe are employees of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

## FACTS

10. In the early morning of July 22, 2013, at approximately 12:15am, EVANS was walking along Prospect Avenue in the County of the Bronx with some friends heading home from a barbeque.

11. As he was walking, EVANS noticed another friend across the street and yelled out to him to say hello.

12. At the time EVANS yelled out to his friend, ROSA was patrolling the area on foot with her partner LOPEZ.

13. Upon hearing EVANS yell out to his friend, ROSA remarked "you are too big and too gay to be yelling out like that".

14. EVANS took exception to ROSA'S homophobic comment and exclaimed to ROSA she was being extremely unprofessional.

15. ROSA, angered by EVANS retort, directed him to walk away from the scene in a particular direction that was the opposite direction of which EVANS residence was.

16. Upon EVANS stating to ROSA "I don't live in that direction" and not walking in the direction ROSA instructed him to; ROSA grabbed EVANS by the arm.

17. EVANS pulled away, asserting his right not to be grabbed when he wasn't under arrest, but ROSA did not let go, to which ROSA'S partner, LOPEZ walked up to EVANS and sprayed EVANS in the face with mace.

18. As EVANS was disoriented and suffering from the extreme burning sensation in his eyes as a result of getting doused with mace in his eyes, ROSA began punching EVANS about the face and body.

19. ROSA and LOPEZ then attempted to handcuff EVANS. However, EVANS in an attempt to wipe the mace out of his eyes, coupled with the disorientation from being maced and beaten, did not place his hands in a position that allowed ROSA and LOPEZ to handcuff him.

20. As more NYPD officers appeared on the scene, they were eventually able to subdue EVANS and place him in a police car, despite EVANS pleading with the officers to get some water to flush his eyes out to alleviate the extreme painful burning sensation.

21. EVANS was brought to the 42nd precinct in the County of the Bronx, and continued to plead with officers to allow him to get some water to flush his eyes out.

22. EVANS was brought to a bathroom to relieve himself, but the sink was not operable and thus he could not flush his eyes out.

23. EVANS was then put inside a cell, but before the cell door was closed, an unnamed officer, JOHN DOE, entered the cell and punched EVANS in the face. As EVANS fell to the floor, the JOHN DOE kicked EVANS in the face repeatedly, breaking his nose, displacing the bone, which required surgery to fix.

24. EVANS was brought to Lincoln Hospital before being brought to central booking.

25. EVANS was brought to central booking after leaving Lincoln Hospital in police custody and was arraigned on charges of felony assault against a police officer.

26. EVANS was released and appeared in court approximately three (3) times before testifying in the Grand Jury on January 16, 2014. On that date the Grand Jury voted "No True Bill" and the case was dismissed.

27. EVANS followed up at Bronx Health Center and Montefiore Medical Center for further treatment and surgery on his face to repair his nose that was injured at the hands of the aforementioned officers.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST**

28. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

30. Acting under color of law, Defendant's engaged in a denial of EVANS' rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

31. There was no probable cause for the July 22, 2013 arrest and incarceration of EVANS and as a result his constitutional rights were violated.

32. As a result of the Defendant's unlawful and malicious action EVANS was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $5,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

## COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT

33. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. As a result of the unlawful and malicious arrest of EVANS for which there was no probable cause, EVANS was incarcerated for 48 hours without justification or consent, whereby Defendants deprived EVANS of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $100,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATION OF 42 U.S.C. 1983: EXCESSIVE FORCE

35. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

36. The conduct and actions of LOPEZ, ROSA and JOHN DOE, acting in concert and under color of law, in authorizing, directing and/or causing mace to be sprayed into the face of EVANS, and for EVANS to be repeatedly punched about the face and body, was excessive and unreasonable, was done intentionally, willfully, maliciously, with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs rights as guaranteed under 42 U.S.C. Sec 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable and unjustified force.

37. As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, was deprived of her liberty, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands judgment for the excessive force used against him by the Defendants against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 4: ASSAULT AND BATTERY

38. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above with the same force and effect as if herein set forth.

39. By the aforementioned conduct described above, Defendants inflicted the torts of assault and battery upon EVANS. The acts and conduct of LOPEZ, ROSA, and JOHN DOE were the direct and proximate cause of injury and damage to EVANS and violated EVANS' statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York

40. LOPEZ, ROSA, and JOHN DOE'S acts constituted an assault upon Plaintiff in that aforementioned Defendants intentionally attempted to injure EVANS or commit battery upon him.

41. LOPEZ, ROSA, and JOHN DOE'S acts constituted a battery upon EVANS in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

42. The actions of LOPEZ, ROSA, and JOHN DOE were intentional, reckless, and unwarranted, and without any just cause or provocation, and aforementioned Defendants knew, or should have known that their respective actions were without the consent of EVANS

43. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described above, and EVANS did not contribute thereto.

44. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured, including but not limited to a broken, displaced nose.

WHEREFORE, Plaintiff demands judgment for the assault and battery exerted against him towards all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

45. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. Defendants, intentionally and maliciously, instituted and pursued a criminal action against EVANS that was brought without probable cause and was dismissed in EVANS' favor.

47. As a result of the concerted unlawful and malicious prosecution of EVANS, the Defendants deprived EVANS of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

49. Defendants intentional and reckless conduct resulted in the extended incarceration of EVANS.

50. The failure of the Defendants to properly exercise discretion in who they arrest was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by EVANS due to his wrongful imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 7: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

51. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of EVANS.

53. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

54. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

55. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

56. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-50 above, Plaintiff suffered loss of physical liberty, severe physical pain and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 8: NEGLIGENCE**

57. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 above with the same force and effect as if herein set forth.

58. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

59. Defendants breached that duty to EVANS when they arrested him for assault when there was, no probable cause sufficient to support a finding that EVANS was in any way committing a crime before the police approached him.

60. As a result of the breach, which were the actual and proximate cause of EVANS' injury, EVANS suffered harm and damages.

61. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate.

Respectfully submitted,

DAVID EVANS
By his attorney
March 7, 2014

_____
Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____
DAVID EVANS

Subscribed and sworn to before me, this /th day of March 2014

_____
Notary Public

ROBERT GROSS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6195069
Qualified in New York County
My Commission Expires October 20, 2016

# EXHIBIT A

# § 160.50 Release

# DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, _DAVID EVANS_, Date of Birth _10/11/83_, SS# _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_, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. _David Evans_, Docket No. or Indictment No. _2013BX042581_, in _Supreme_ Court, County of _The Bronx_, State of New York, relating to my arrest on or about _July 22, 2013_, may be made available for use in Civil Action _David Evans v. The City of New York, et al_ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_David R Evans_
SIGNATURE

STATE OF NEW YORK )
: SS.:
COUNTY OF _____ )

On this ___ day of _March_, 201_, before me personally came _David Evans_, to me known and known to me to be the individual described in and who executed the foregoing instrument, and ___ acknowledged to me that ___ executed the same.

_____
NOTARY PUBLIC

ROBERT GROSS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6195059
Qualified in New York County
My Commission Expires October 20, 2016

May 18, 2011

# EXHIBIT B

Medical Releases

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK
------------------------------------------------------------x
David Evans

                                        Plaintiff,

        -against-

The City of New York, et al.,

                                        Defendants.

------------------------------------------------------------x

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

___ Civ. _____ ( ) ( )

TO: <u>Lincoln Hospital   234 E 149th Street Bronx, NY 10451</u>
    NAME AND ADDRESS OF MEDICAL PROVIDER

    I authorize the use and disclosure of <u>David Evans'</u> health information as described below.

    **YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a certified copy of the entire medical or hospital record of <u>David Evans</u> (Date of Birth: <u>10/11/'83</u>; SS #: <u>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</u>) who was examined or treated in your hospital or by you on or about <u>July 2013</u>.

    The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

    I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse. I only authorize the release of such information to the extent that I have initialed below:

        Sexually transmitted diseases              _____

        AIDS/HIV                                   _____

        Behavioral or mental health service        _____

        Treatment for alcohol and drug abuse       _____

May 18, 2011

This information may be disclosed to and used by the following organization:

The Office of the Corporation Counsel
100 Church Street
New York, NY 10007

for the purpose of the defense of this civil litigation only.

    I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. Unless otherwise revoked, this authorization will expire on the following date, event or condition on the conclusion of the litigation in the above-captioned action. If I fail to specify an expiration date, event or condition, this authorization will expire in six months. I understand that authorizing the disclosure of this health information is voluntary; I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated:     New York, New York
            March 8th, 2014

                                   _David Evans_

STATE OF NEW YORK     )
                               : SS:
COUNTY OF _____     )

On the ___ day of March, 201_, before me personally came and appeared ____David Evans____, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that __ executed the same.

                                     _____
                                     NOTARY PUBLIC

                                         ROBERT GROSS
                           NOTARY PUBLIC-STATE OF NEW YORK
                                  No. 02GR6191059
                               Qualified in New York County
                            My Commission Expires October 20, 2014

                                                            May 18, 2011



NYCHHC HIPAA Authorization to Disclose Health Information

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| David Evans<br>1345 Southern Blvd, Apt 1A<br>Bronx, NY 10459 | 10/11/83 | 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 |
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |

NAME OF HEALTH PROVIDER TO RELEASE INFORMATION

Lincoln Hospital

SPECIFIC INFORMATION TO BE RELEASED:
Information Requested: Treatment for broken nose

Treatment Dates from 7/13 to 12/13

NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT

City of New York
100 Church St
NY, NY 10007

INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). Please note: unless all of the boxes are checked, we may be unable to process your request.

☐ Alcohol and/or Substance Abuse Program Information
☐ Genetic Testing Information
☐ Mental Health Information
☐ HIV/AIDS-related Information

REASON FOR RELEASE OF INFORMATION
☑ Legal Matter  ☐ Individual's Request
☐ Other (please specify):

WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one)
☑ Event: Conclusion of legal matter
☐ On this date:

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to ALCOHOL or SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH, and/or CONFIDENTIAL HIV/AIDS RELATED INFORMATION, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| David Evans | |
| DATE | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |
| MARCH 5 2014 | |

If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

NYCHHC HIPAA Authorization 2413, Revised 08-05



OCA Official Form No.: 960

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name: David Evans | Date of Birth: 10/11/83 | Social Security Number: 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 |
|---|---|---|

Patient Address: 1345 Southern Blvd, Apt 1A, Bronx, NY 10459

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form. In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
Lincoln Hospital 234 E 149th St, Bronx, NY 10451

8. Name and address of person(s) or category of person to whom this information will be sent:
The City of New York 100 Church Street, NY, NY 10007

9(a). Specific information to be released:
☒ Medical Record from (insert date) 7/13 to (insert date) 12/13
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☐ Other _____

Include: (indicate by initialing)
_____ Alcohol/Drug Treatment
_____ Mental Health Information
_____ HIV-Related Information

Authorization to Discuss Health Information
(b) ☒ By initialing here __D.E.__ I authorize __Lincoln Hospital__
    Initials                               Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
The City of New York
(Attorney/Firm Name or Governmental Agency Name)

10. Reason for release of information:
☒ At request of individual
☐ Other:

11. Date or event on which this authorization will expire:
Conclusion of legal matter

12. If not the patient, name of person signing form:

13. Authority to sign on behalf of patient:

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

Signature of patient or representative authorized by law.    Date: MARCH 8 2014

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.