UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID EVANS,

                Plaintiff,

– against –

THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, OFFICER LESLIE M. ROSA, OFFICER ISRAEL LOPEZ, and OFFICER JOHN DOE,

                Defendants.

**DECLARATORY JUDGMENT**

14 Civ. 1785

Ramos, D.J.:

    Before the Court is the City's request for a declaratory judgment pursuant to 28 U.S.C. § 2201. The City seeks a declaration that, in the absence of any documentation of a lien on Plaintiff's settlement proceeds in this matter to non-party Fast Trak, the City may lawfully release settlement funds to Plaintiff without incurring any liability to Fast Trak. The City's request is GRANTED.

**I.    Background**

    On October 28, 2018, the parties agreed to settle this case for the sum of $20,000. *See* Doc. 72 Ex. A. The Court so-ordered the parties' stipulation of dismissal of this matter with prejudice on November 27, 2018. Doc. 68.

    Pursuant to the terms of the settlement, and without any notice of liens, the City's Comptroller issued a settlement check in the amount of $20,000 to Evans on or about February 6,

2019.  Following a correction to Plaintiff's mailing address, another check was issued on or about April 9, 2019.

On September 11, 2019, the City received notice of a lien on Evan's settlement proceeds in the amount of $12,213.25 from a litigation funding company called Fast Trak.  *See* Doc. 72 Ex. B.  The City did not originally take action on this notice because the settlement check had already been mailed to Evans.  However, in April 2021 Evans contacted the City to inform it that he had never received the settlement funds.  The City then attempted to secure documentation of the lien from Fast Trak before issuing another settlement check.

The City first attempted to contact Fast Trak by email on April 28, 2021, requesting documents to support the lien, including the underlying litigation funding agreement.  Doc. 72 Ex. C at 1.  Receiving no response, the City again contacted Fast Trak by email on May 24, 2021, by email and certified mail on May 27, 2021, and again by email on June 3, 2021.  *Id.* at 2–4.  The May 27 correspondence warned Fast Trak that if no documentation was received within seven days, settlement funds would be disbursed to Evans.  *Id.* at 4.

On June 4, 2021, the City wrote to the Court to seek a declaratory judgment pursuant to 28 U.S.C. § 2201 that, in the absence of any documentation of Fast Trak's purported lien, the City may lawfully release settlement funds to Plaintiff without incurring any liability to Fast Trak.  The Court set a telephonic conference for July 13, 2021 and instructed the City to provide notice of this conference to Fast Trak.  Such notice was provided and Fast Trak did not appear.

II. **Legal Standard and Discussion**

Under 28 U.S.C. § 2201, a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Under New York law, litigation funding companies may not obtain an assignment of claims for personal injury actions. *In re Minor*, 482 B.R. 80, 83 (Bankr. W.D.N.Y. 2012). However, Plaintiffs may enter into agreements with such companies to conditionally assign settlement proceeds. *Id.* Such agreements may create an "equitable lien" on eventual settlement proceeds. *Id.*

Under New York law, an equitable lien will only arise where "an intention to create such a charge clearly appear[s] from the language and the attached circumstances." *In re O.P.M. Leasing Servs, Inc.*, 23 B.R. 104, 119 (Bankr. S.D.N.Y. 1982) (quoting *Cherno v. Dutch Am. Mercantile Corp.*, 353 F.2d 147, 153 (2d Cir. 1965) (internal citations omitted)). "Strict proof of such intention is required." *Id.* (internal citation omitted).

Here, despite the City's multiple attempts to seek the assignment agreement or other documentation of the basis for the lien—including a letter providing Fast Trak with a June 3, 2021 deadline and a final notice on that date—Fast Trak has not produced any such documentation. Nor did Fast Trak appear at the teleconference on this matter scheduled for July 13, 2021. Indeed, Fast Trak has not appeared before this Court, nor does it appear to have been in contact with the City since its September 11, 2019 notice. The Court therefore finds that the City has performed adequate due diligence to seek proof of the parties' assignment agreement or other documentation to support an equitable lien, and no such "[s]trict proof" has been produced. *In re O.P.M. Leasing Servs, Inc.*, 23 B.R. at 119.

### III. Conclusion

Accordingly, pursuant to 28 U.S.C. § 2201, the Court finds that, in the absence of any documentation of Fast Trak's purported lien, the City may lawfully release settlement funds to Plaintiff without incurring any liability to Fast Trak.

It is SO ORDERED.

Dated: July 15, 2021
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.